Good morning, your honors. Marissa Conroy on behalf of the appellant George Mapp. I'd like to reserve one minute for rebuttal. Your honor, in this case, Mr. Mapp was arrested on the side of Highway 80 as three aliens attempted to get into his vehicle. Essentially, at best, Mr. Mapp is guilty of conspiracy to transport and attempted transportation. Why can't he be in a conspiracy to bring them in? Let's say for purposes of discussion, you're right, that the offense of bringing them in is over once they're in. Still, it looks like there's evidence that he's in a conspiracy with the guy in Mexico who was on a hill watching with binoculars and that he's part of the arrangement that they and likely others have made to bring these people in. One could certainly believe the contrary. That's what juries are for, but it seems like somebody could believe that. So he would have Pinkerton liability for bringing them in, even though by the time he was picking them up, they were already in. Why not? Well, to answer several facets of that question, first of all, under the Pinkerton theory of liability, what's not clear in this case is what the jury actually found he committed for the conspiracy. I think they were asked, Pinkerton or aiding and abetting, either will do. And I think there's a Supreme Court decision that says with a conjunctive charge like this, either will do. And the instruction is okay if it lets them find either way. That's correct. But what essentially could have happened, because there were three crimes alleged as part of the conspiracy under count one, it's highly likely the jury could have found Mr. Mapp guilty of conspiracy to transport, but not guilty of the other two conspiracies. There was no requirement the jury elect which crime they found. Is there some law that says there has to be? I don't believe so, but I think from what we're looking at here, we don't know what the jury found. So even assuming, let's assume the jury did find him guilty of conspiracy to bring in, there's still insufficient evidence. When you take it down to the nuts and bolts of what was really presented here, you had Mr. Mapp in a vehicle, and the government relied heavily on phone calls, one between Mr. Mapp's phone and a 310 phone number that was assigned to, I believe, a Michelle Lorenzano. It seems to me once you get to this argument, which you made well in your brief, all it is is a jury argument rather than a sufficiency argument. I mean, if you draw the inferences favorably to Mapp, the jury goes one way, and if you draw the inferences unfavorably to Mapp, it goes the other. I would respectfully disagree. I think there is such minimal evidence here that you can't even make that inferential leap. These two phone calls, that's all the evidence that was presented to the jury. Well, there's also the circling the town, I think it was the previous day. And again, I would go back to the fact that at most he's guilty of conspiracy to transport. There is not the connection there between Mr. Mapp and anything happening on the other side of the border. There's no connection to L.A. Why would you waste the gas unless you're part of an arrangement? The gas and the time. He could be wasting the gas to transport the aliens, but not a conspiracy to bring the aliens in. And I do believe that those You just circle the town looking for any stray aliens you might want to pick up and give them a ride? Well, he may have received a phone call and been requested to pick up individuals. Well, if he does receive a phone call, I mean, it seems a jury might think, oh, this is just a fellow who feels for aliens and he drives around the town picking up strays. But the jury could also think the reason he would spend his time and gas money on that is he probably got a phone call saying there'll be some coming in, give them a ride. And if that were so, why wouldn't he be aiding and abetting and conspiring to bring them in, even though his particular role takes place after they're in? Well, to answer your first question, he wouldn't be aiding and abetting because they're already in. The act of the initial transport of dropping off the aliens has already been completed under Lopez. Now, as to the conspiracy component, I really do think that you need to focus on the information presented to the jury. And when that's looked at, you see that actually what was presented was mere suspicion. It was speculation. There was no evidence in regards to these phone calls as to who these people were. They were not indicted as conspirators. They never presented testimony. Unlike Singh, there was no recorded phone calls taking place between Mr. Mapp and other conspirators. It was simply this phone called this phone, and we know nothing about who these people are. The jury should not have made the inferential leap that this was part of a conspiracy smuggling organization. Well, let me ask you this. According to my notes, you're not challenging the conspiracy conviction. Is that true? Well, we did not raise that issue in our opening brief. If this Court ---- Well, then aren't you out of luck on that argument you just made? I don't believe so. If this Court feels that we waived that by not raising it in our opening brief, the Court still has authority to address the issue. And the government cited United States v. Brooks for the proposition that we had waived the issue. However, in Brooks, this Court did address the issue because three factors were met. One, just like as in Brooks, the government raised and briefed the issue in their reply brief. Two, the issue was fully litigated below in the Court. We're not challenging the facts. This is a matter of law, a question of law. And third, I do believe that since we've already raised the sufficiency of the evidence in the context of the Lopez argument, it would be a manifest injustice for this Court not to address the issue under the conspiracy argument as well. To that, I would be happy to file a 28-J letter with those authorities as well after. But I do believe if this Court finds we waived it, it still has the authority to address it. One other thing I'd really like to point out that I think is important is the facts of this case were that El Guero had a telephone. Your sufficiency argument, it's subject to the Jackson standard, right? That is correct. Thanks. El Guero had a telephone in Mexico. He telephonically guided Mr. Coronel, who was one of the material witnesses. Now, both of those individuals had telephones in the crossing into the United States. At no time throughout the duration of this case did the government present any evidence that Mr. Mapp was somehow connected to either of those phones, that the 310 phone number was connected to any of those phones. Is 310 Mexico? The 310 would be a Los Angeles area code. 310 was L.A.? That's correct. But it's unclear. There's no testimony as to where that cell phone actually was. Was the phone in Mexico? Was it in the United States? It's an unknown question. So I think if there had been some evidence that connected Mr. Mapp to either El Guero or Mr. Coronel, yes, the government would have an argument. But here it was simply two magical phone numbers. And in Lopez, there was a similar situation where Jose was the individual that contacted Ms. Lopez. And there this Court said the minimal evidence of the identity of Jose, it was very difficult to understand how a jury could make the inference of the connection between Ms. Lopez and Jose and her participation in the bringing in of the aliens. And with that, I will save the remainder of my time for rebuttal. Thank you, Ms. Conroy. Good morning. Good morning. May it please the Court, my response to the United States. I would submit that even under Lopez, there was more than sufficient evidence to convict Mr. Mapp of aiding and abetting. We have to remember, Lopez says that the offense terminates at the drop-off. But then it defines it more closely. It says it's at the end of the initial wrongdoer's physical involvement. In this case, first of all, there was pre-preparation. He came there several days earlier. That's on the 28th. And the events took place on May 1st. So on April 28th, he goes there. He also buys a cell phone, and he registers it in an address that's not his own. The day before, he rents a white Camry, the very kind of vehicle that Guero tells the material witnesses it's going to meet them. He has to leave early from L.A. to get down there. There are several calls from either Mr. Mapp's own cell phone or this other one he bought to a 310 number. Each time, one of those phones calls that 310. It's either pre-seeded or post-seeded by a call to a phone registered to someone in Tecate, Mexico, which is near where this took place. I didn't follow that. Okay. Everybody knows 310 is L.A. 310 is L.A., right. So Mr. Mapp is using his phone to call an L.A. number. That number then immediately calls or has called this other thing in Tecate. Now, the smuggler guides them, and this is part of the problem with Lopez. Lopez talks about physical involvement and things. He doesn't anticipate these other ways of doing it. This way, he guides them by binoculars up on the mountain to the place. By the time they get to this place where we might say it ended, the physical involvement ended, they say they only wait 15 minutes. I think appellant raises in their reply brief it could have been longer, but that's not correct. On cross-examination, defense counsel tried to push the material witness. That's page 129. Well, were you there like two hours waiting? He says, no, 15 minutes. Then the other material witness who actually had the phone, Guero, also says on page 147, 15 minutes. But there's something more important here. Even after they're waiting, Guero says, I got another call. That is, there's more physical involvement from the person saying, he's here, he's here. So the physical involvement only stops when Mr. Mapp gets there. They're only in hiding for 15 minutes. It is just impossible that Mr. Mapp didn't know about the smuggling. This had to be coordinated. This method, it just has to be coordinated. This isn't a case like Lopez where they waited for a day and a night. Ms. Lopez was a secondary driver. None of that exists here. So the wrong, even under Lopez, looking at the physical involvement of the smuggler, that didn't end until Mr. Mapp showed up. So even under Lopez, plus and including all the preparation he did, I believe there's more than sufficient evidence. Don't have to worry about any of this. Let's say hypothetically there isn't. Let's say hypothetically that you didn't have sufficient evidence on aiding and abetting and you did on conspiracy. Yes. Could the conviction stand in light of the general verdict on the instructions that gave the jury? Yes, I believe so. First of all, there does not have to be a unanimity instruction as to a theory, different theories of liability. That's Shadd v. Arizona in 1991, which this court discussed also in the alien smuggling context in U.S. v. Garcia, where it said you didn't have to give a unanimity instruction between either principle or aiding and abetting. So the jury could even be split on that, but as long as they found him guilty. And as to the point of the conspiracy count having three different conspiracies, I would just point out that I don't find anything that requires them to have to give a special verdict as to that. But more importantly, as to all the substantive offenses in this case, the jury found them guilty of the bringing in, of the transporting, of the failure, each one. So it's quite clear in this case the jury quite just simply didn't believe Mr. Matt's testimony, used the information they had with all his preparation, these phone calls, and could rightly infer that he was involved in the bringing in, but certainly could have used the Pinkerton instruction to say, yes, he's guilty of the bringing in conspiracy, and therefore he's guilty of the overtaxing. One of the overtaxed charge was that this guero brought people in by using the method of watching and calling on the phone. Unless there are any other questions I've submitted. Thank you, Mr. Spohn. Thank you. Ms. Gunner, I think you had about a minute left or so. The timeline is important in this case. The material witness's testimony was that they departed Mexico at 730 in the morning that day. This Court could take judicial notice of the distance from mile marker 32-and-a-half on Highway 80 to the Mexican border. I'm sorry. I have no idea. I'm sorry. We're talking about California. I think I'm that far. Is that right? Yes, yes. So this is in the town of Jocumbo in the Southern District of California. Highway 80 runs parallel to the Mexican border. It's within eyesight, probably a mile. And so the material witness's journey started at 730 that morning. And in regards to my review of the record, they were transported telephonically. Elguero guided them to their initial hiding spot. And the testimony of all the material witnesses was that they went into hiding for quite some time. And that's at ER 53, 59, and 68. And then subsequently ---- On sufficiency, I think the law is that we have to take the evidence most favorably to the prosecution when they won. And why wouldn't we have to accept the notion that the jury could have believed that there was 15 minutes and then you're on your own? Because that's not what the testimony was. The testimony was they were there quite some time. And then there was additional testimony that once they received the phone call, they waited another 10 to 30 minutes for the Camry to arrive. And that's at ER 61, 64, 70, and 71. So I think based on the evidence that is in the record, the initial act of transportation had terminated. And under the Lopez theory, Mr. Mapp was not guilty. Likewise, I would submit that he was only guilty of conspiring to transport as opposed to conspiring to bring in. Thank you. Thank you, Ms. Conaway. Mr. Spong, thank you. The case is disargued as submitted.
judges: Goodwin, Kleinfeld, Silverman